COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

**HAMPDEN, ss**

|  |  |
|---|---|
| SOUTHBRIDGE RE, LLC )<br>)<br>*Plaintiff* )<br>vs. )<br>)<br>LENDING HOME FUNDING CORPORATION )<br>and CHRISTIANA TRUST, A DIVISION OF )<br>WILMINGTON SAVINGS FUND SOCIETY, FSB,)<br>NOT IN ITS' INDIVIDUAL CAPACITY BUT AS )<br>TRUSTEE FOR VICTORIA CAPITAL TRUST )<br>)<br>*Defendants.* )<br>) | C.A. NO.<br>COMPLAINT<br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1. The Plaintiff, Southbridge RE LLC ("Southbridge"), brings this action as described in the paragraphs set forth herein. This complaint alleges that Defendants, Lending Home Funding Corporation ("LendingHome") and/or Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, Not In Its' Individual Capacity But As Trustee For Victoria Capital Trust (Christiana Trust), violated the Statutory Power of Sale under M. G. L. c. 183, § 21 and M. G. L. Ch. 244 § 14 when they foreclosed on two real properties located at 103 Prospect Street, Springfield, MA 01107 and 25 Pleasant Street, Westfield, MA 01085 (the "Properties") while neither Defendant was a valid mortgagee.  Plaintiff avers that the Defendants will not be able to convey said Properties by "proper deed" in accordance with the Massachusetts Statutory Power of Sale as set forth in M. G. L. c. 183, § 21 and M. G. L. Ch. 244 § 14 because the Mortgages on both Properties were assigned to and held by an entity named Toorak Capital Partners at the time of foreclosure and will not render marketable titles as Christiana Trust was not the holder of the Mortgages

capable of invoking the Statutory Power of Sale. Accordingly, Plaintiff is entitled to a declaratory judgment that Defendants lacked standing to foreclose and sell the Properties, and that any foreclosures and sales of the Properties were and are ineffective, without force or effect and void.

2.   In addition, Plaintiff alleges that the Mortgages on the Properties failed to incorporate the Statutory Power of Sale as set forth in M. G. L. c. 183, § 21 and M. G. L. Ch. 244 § 14. Therefore, the foreclosures on the Properties were conducted in violation of the Statutory Power of Sale and are null and void.

3.   The Plaintiff further alleges that the Defendants breached the terms of the mortgage by failing to send proper default/acceleration notices in accordance with the terms of the mortgages and further find that any said default notices purporting to be sent are invalid and void. Plaintiff asks that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded. Plaintiff asks that this Honorable Court declare that any such default notices purporting to have been sent to the Plaintiff as described in this complaint be null and void, declare that any notices of mortgagee's foreclosure sale made to the Plaintiff subsequent to such void default notices be null and void, enjoin the Defendants from conducting any foreclosure auctions or conveyances of the subject properties and declare any foreclosure deeds for said Plaintiff null and void. Plaintiff also seeks declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction as the subject properties at issue are located at 103 Prospect Street, Springfield, MA 01107 and 25 Pleasant Street, Westfield, MA 01085 and Defendants conducted all of the acts alleged herein in the State of Massachusetts.

5. Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Massachusetts.

## PARTIES

6. Plaintiff Southbridge RE LLC ("Southbridge") is a Massachusetts Limited Liability Corporation and the owner of the subject properties located at 103 Prospect Street, Springfield, MA 01107 and 25 Pleasant Street, Westfield, MA 01085. It is located at 46 Harvard St. Worcester MA 01609.

7. Defendant, Lending Home Funding Corporation is a residential mortgage servicing company, located at 315 Montgomery Street, Floor 16, San Francisco, CA 94104.

8. Defendant, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Ad Trustee For Victoria Capital Trust (Christiana Trust), is an that falsely claims to hold the note and mortgage secured by the Properties. Christiana Trust is located at 500 Delaware Avenue, Wilmington, DE 19801.

9. At all times herein mentioned, Defendants, LendingHome and Christiana Trust both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

10. Defendants, LendingHome and Christiana Trust had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE PLAINTIFF

11. Plaintiff, Southbridge RE LLC ("Southbridge"), is the owner of real properties located at 103 Prospect Street, Springfield, MA 01107 and 25 Pleasant Street, Westfield, MA 01085, which are the subject properties as referenced herein.

12. On September 7, 2018, 103 Prospect Street Springfield MA 01107 was granted to Plaintiff Southbridge. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 22357 at Page 424 on September 14, 2018.

13. On October 4, 2018, 25 Pleasant Street, Westfield, MA 01085 was granted to Plaintiff Southbridge. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 22401 at Page 125 on October 15, 2018.

14. On September 7, 2018, Plaintiff Southbridge was granted a Mortgage loan, secured by 103 Prospect, in the amount of $155,700.00, which was recorded in the Hampden Registry of Deeds in Book 22357 at Page 427 on September 14, 2018. (the 103 Prospect Mortgage) The Mortgage identified Lending Home as the Lender and mortgagee.

15. On October 11, 2018, Plaintiff Southbridge was granted a Mortgage loan, secured by 25 Pleasant, in the amount of $175,000.00, which was recorded in the Hampden Registry of Deeds in Book 22401 at Page 130 on October 15, 2018. (the 25 Pleasant Mortgage) The Mortgage identified Lending Home as the Lender and mortgagee.

16. Both the 103 Prospect and 25 Pleasant Mortgages state at paragraphs 4.2 and 4.3 as follows;

> "**4.2 Judicial Action**. Lender shall have the right to commence an action or proceeding to foreclose this Mortgage and to enforce any and all of the terms of the Loan Documents, including specific performance of the covenants of Borrower under this Mortgage.
> **4.3 Foreclosure by Power of Sale.**
> **(a)** Declaration and Notice of Default.  Lender shall have the right (i) to cause the Property to be sold under the power of sale contained in this Mortgage in any manner permitted by applicable law, and (ii) to deliver to Borrower a written notice of default and election to cause the Property to be sold. Upon the expiration of such period of time after delivery of such notice of default and election to sell and the giving of such notice of sale as may then be required by law, and without the necessity of any demand on Borrower, Lender or ant designated sheriff or clerk, at the time and place notified in the notice of sale, shall sell the property at public auction to the highest bidder for cash in U.S. Dollars payable at the time of sale. Lender or any obligee, creditor, or the holder or holders of the Note or Loan Document may bid and purchase at such sale."

17. On September 7, 2018, Plaintiff Southbridge granted a Promissory Note to LendingHome, secured by 103 Prospect, in the amount of $155,700.00. ("103 Prospect Note")

18. On October 11, 2018, Plaintiff Southbridge was granted a Promissory Note to LendingHome, secured by 25 Pleasant, in the amount of $175,000.00. ("25 Pleasant Note").

19. Both the 103 Prospect Note and 25 pleasant Note state at Paragraph 7:

> "7. **Notice.** Any notice required to be provided in this Note shall be given in writing and shall be sent (a) for personal delivery by a delivery service that provides a record of the date of delivery, the individual to whom the delivery was made, and the address where delivery was made; (b) by first-class certified United States mail, postage prepaid, return receipt requested; (c) by a nationally recognized overnight courier service marked for next day business delivery; or (d) by electronic transmission.  All notices shall be addressed to the party to whom such notice is to be given at the following address: Lender Address: Lending Home Funding Corporation c/o Loan Servicing 315 Montgomery St., Floor 16, San Francisco, CA 94104. Borrower Address: 47 Harvard St. Worcester, MA 01609"

20. "It is well established that a mortgage and note are to be read together" Kattar v. Demoulas, 433 Mass. 1 (2000) nt. 7.  Thus, a note coupled with its security, ie. the mortgage, constitute one

contract for breach of contract purposes. See <u>Mayo v. Fitchburg & Leominster St. Ry.</u>, 269 Mass. 118, 121 (1929).

21.     "Although a mortgage and a note are separate entities in Massachusetts that can be split, it has long been recognized that a mortgage ultimately depends on the underlying debt for its' enforceability". <u>Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital LLC</u>, 471 Mass. 248, 254 (2015); quoting <u>Eaton v. Fed. Nat'l Mort. Ass'n</u>., 462 Mass 569, 576, 578 n. 11(2012); citing <u>Crowley v. Adams</u>, 226 Mass. 582, 585 (1917), <u>Wolcott v. Winchester</u>, 15 Gray 461 (1860), <u>Howe v. Wilder</u>, 11 Gray 267, 269-270 (1858).

22.     On September 19, 2018, the 103 Prospect Mortgage was purportedly assigned from LendingHome to Toorak Capital Partners.  Said assignment was recorded in the Hampden Registry of Deeds in Book 23560 at Page 35 on November 30, 2020.  ("First 103 Prospect Assignment").

23.     On October 16, 2018, the 25 Pleasant Mortgage was purportedly assigned from "LendingHome to Toorak Capital Partners.  Said assignment was recorded in the Hampden Registry of Deeds in Book 23560 at Page 8 on November 30, 2020. ("First 25 Pleasant Assignment")

24.     On December 13, 2019, the 103 Prospect Mortgage was purportedly assigned also from LendingHome to Christiana Trust.  Said assignment was recorded in the Hampden Registry of Deeds in Book 22999 at Page 307 on December 13, 2019 ("Second 103 Prospect Assignment").  This Second 103 Prospect Assignment is void because the Lending Home no longer held the Mortgage at the time of the Second 103 Prospect Assignment in the first place.  Therefore, the Second 103 Prospect Assignment attempting to granting the 103 Prospect Mortgage to Christiana Trust is void.

25.     On December 16, 2019, the 25 Pleasant Mortgage was purportedly assigned from "LendingHome to Christiana Trust.  Said assignment was recorded in the Hampden Registry of Deeds in Book 23033 at Page 26 on January 6, 2020. ("Second 25 Pleasant Assignment"). This Second 103 Prospect Assignment is void because Lending Home, did not hold the Mortgage at the time of the Second 103 Prospect Assignment in the first place.  Therefore, the Second 103 Prospect Assignment attempting to granting the 103 Prospect Mortgage to Christiana Trust is void.

26.     Plaintiff avers that the Defendants did not send and that Plaintiff did not receive any Default Notice or Notice of Foreclosure in accordance with Paragraph 4.3 of the Mortgages and Paragraph 7 of the Notes.

27.     As such, the Defendants failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contracts and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising any power of sale, rendering any acceleration, foreclosure, and sale void.

28.     On January 21, 2121 the Defendants conducted a void foreclosure sale on the 25 Pleasant Street Property as neither Defendant was a Mortgagee that could foreclose.  The void Foreclosure Deed to Defendant Christiana Trust was recorded in the Hampden Registry of Deeds Book 23780 Page 467 on March 23, 2021.

29.     On January 21, 2121 the Defendants conducted a void foreclosure sales on both the 25 Pleasant Street Property and the 103 Prospect Street Property.  Both foreclosures were void as neither Defendant was a Mortgagee that could foreclose.  The void Foreclosure Deed on the 25 Pleasant Street Property to Defendant Christiana Trust was recorded in the Hampden Registry of Deeds Book 23780 Page 467 on March 23, 2021. The Foreclosure Deeds are void.

## COUNT I
## STATUTORY POWER OF SALE

30. Plaintiff repeats and reincorporates all paragraphs above as if fully articulated herein.

31. Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, **the mortgagee** or his executors, adminostrators, successors **or assigns may sell the mortgaged premises** or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the same **by proper deed** or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.
>
> (Emphasis added).

32. In addition, the Massachusetts Statutory Power of Sale states as follows:

> Section 14: Foreclosure under power of sale; procedure; notice; form
>
> "The **mortgagee** or person having estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, **may**, upon breach of condition and without action, perform all acts authorized or required by the power of sale . . . . ."
>
> "For purposes of this section and section 21 of chapter 183, **in the event a mortgagee holds a mortgage pursuant to an assignment, no notice under this section shall be valid unless (i) at the time such notice is mailed, an assignment, or a chain of assignments, evidencing the assignment of the mortgage to the foreclosing mortgagee has been duly recorded** in the registry of deeds for the county or district where the land lies and (ii) the recording information for all

recorded assignments is referenced in the notice of sale required in this section. The notice shall not be defective if any holder within the chain of assignments either changed its name or merged into another entity during the time it was the mortgage holder; provided, that recited within the body of the notice is the fact of any merger, consolidation, amendment, conversion or acquisition of assets causing the change in name or identity, the recital of which shall be conclusive in favor of any bona fide purchaser, mortgagee, lienholder or encumbrancer of value relying in good faith on such recital." (emphasis added)

33. On September 19, 2018, the 103 Prospect Mortgage was purportedly assigned from LendingHome to Toorak Capital Partners. Said assignment was recorded in the Hampden Registry of Deeds in Book 23560 at Page 35 on November 30, 2020. ("First 103 Prospect Assignment").

34. On October 16, 2018, the 25 Pleasant Mortgage was purportedly assigned from "LendingHome to Toorak Capital Partners. Said assignment was recorded in the Hampden Registry of Deeds in Book 23560 at Page 8 on November 30, 2020. ("First 25 Pleasant Assignment")

35. On December 13, 2019, the 103 Prospect Mortgage was purportedly assigned also from LendingHome to Christiana Trust. Said assignment was recorded in the Hampden Registry of Deeds in Book 22999 at Page 307 on December 13, 2019 ("Second 103 Prospect Assignment"). This Second 103 Prospect Assignment is void because the Lending Home no longer held the Mortgage at the time of the Second 103 Prospect Assignment in the first place. Therefore, the Second 103 Prospect Assignment attempting to granting the 103 Prospect Mortgage to Christiana Trust is void.

36. On December 16, 2019, the 25 Pleasant Mortgage was purportedly assigned from "LendingHome to Christiana Trust. Said assignment was recorded in the Hampden Registry of Deeds in Book 23033 at Page 26 on January 6, 2020. ("Second 25 Pleasant Assignment"). This Second 103 Prospect Assignment is void because Lending Home, did not hold the Mortgage at the

time of the Second 103 Prospect Assignment in the first place.  Therefore, the Second 103 Prospect Assignment attempting to granting the 103 Prospect Mortgage to Christiana Trust is void.

37. Plaintiff avers that the Defendants did not send and that Plaintiff did not receive any Default Notice or Notice of Foreclosure in accordance with Paragraph 4.3 of the Mortgages and Paragraph 7 of the Notes.

38. As such, the Defendants failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contracts and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising any power of sale, rendering any acceleration, foreclosure, and sale void.

39. On January 21, 2121 the Defendants conducted a void foreclosure sale on the 25 Pleasant Street Property as neither Defendant was a Mortgagee that could foreclose.  The void Foreclosure Deed to Defendant Christiana Trust was recorded in the Hampden Registry of Deeds Book 23780 Page 467 on March 23, 2021.

40. On January 21, 2121 the Defendants conducted a void foreclosure sales on both the 25 Pleasant Street Property and the 103 Prospect Street Property.  Both foreclosures were void as neither Defendant was a Mortgagee that could foreclose.  The void Foreclosure Deed on the 25 Pleasant Street Property to Defendant Christiana Trust was recorded in the Hampden Registry of Deeds Book 23780 Page 467 on March 23, 2021. The Foreclosure Deeds are void.

41. Due to the breaks in the chains of title of the Mortgages as described above Plaintiff avers that the Defendants will not be able to convey the properties "by proper deed" in accordance with M. G. L. c. 183, § 21 as Christiana Trust was not the proper assignee of the Mortgages.

42. The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in the properties since the Defendants will not be able to convey a "proper deed" that is marketable.

43. The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

44. Plaintiff is entitled to be returned to their status and circumstances prior to the wrongful attempted foreclosures and sales.

45. Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: May 4, 2021

Respectfully Submitted, Plaintiff,
By its' Attorney,
Todd S. Dion, Esq.

 /s/ Todd S. Dion
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com