UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOUTHBRIDGE RE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-30061-KAR |
| | ) | |
| KIAVI FUNDING INC. & CHRISTIANA | ) | |
| TRUST, A DIVISION OF WILMINGTON | ) | |
| SAVINGS FUND SOCIETY, FSB, NOT IN | ) | |
| ITS INDIVIDUAL CAPACITY BUT AS | ) | |
| TRUSTEE FOR VICTORIA CAPITAL | ) | |
| TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR APPEAL BOND
(Dkt. No. 69)

Before the court is Defendants' Motion for Appeal Bond. Defendants Kiavi Funding, Inc.

(Kiavi) and Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its

individual capacity but as Trustee for Victoria Capital Trust (Christiana Trust) (collectively,

Defendants) request that the court order Plaintiff Southbridge RE, LLC (Plaintiff) to post an

appeal bond in the amount of $53,187.50 to ensure payment of Defendants' attorney's fees and

costs in connection with Plaintiff's appeal from the court's judgment in this matter, which

followed this court's March 29, 2023 order on the parties' cross-motions for summary judgment

(Dkt. No. 69). *See Southbridge RE, LLC v. Kiavi Funding Inc.,* Case No. 3:21-cv-30061-KAR,

2023 WL 2696496, at *1-5 (D. Mass. Mar. 29, 2023). Plaintiff opposes Defendants' motion

(Dkt. No. 72). The parties have consented to the court's jurisdiction (Dkt. No. 11). *See* 28

U.S.C. § 636; Fed. R. Civ. P. 73. For the reasons that follow, Defendants' motion is granted in

part.

I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This case arose out of foreclosure proceedings on two commercial properties, located in Springfield and Westfield, purchased by Plaintiff in 2018.  To purchase the properties, Plaintiff obtained loans from LendingHome Funding Corporation (LendingHome) now known as Kiavi. The loans were secured by mortgages on the properties in favor of LendingHome.  Plaintiff contended that LendingHome's assignments of the mortgages to Christiana Trust, which foreclosed on the properties after Plaintiff defaulted on the loans, were not valid because LendingHome had previously assigned the mortgages to Toorak Capital Partners (Toorak). Defendants argued that Christiana Trust held the statutory power of sale because the assignments to Toorak were in blank and were void.  In denying Plaintiff's cross-motion for summary judgment, the court found that the blank assignments to Toorak were void, the assignments to Christiana Trust were valid, and, consequently, Christiana Trust had authority to foreclose on the properties.  *See Southbridge,* 2023 WL 2696496, at *6-10.

While the court ruled that Defendants' summary judgment motion did not entitle it to judgment on all of its counterclaims, the court's rulings and reasoning in effect resolved all of the parties' disputes and claims.  On May 4, 2023, the parties filed a stipulation to facilitate entry of a final judgment (Dkt. No. 64) and the court entered judgment on August 2, 2023 (Dkt. No. 73). Plaintiff's notice of appeal was entered in the United States Court of Appeals for the First Circuit on June 7, 2023.  *See Southbridge RE, LLC v. Kiavi Funding, Inc.,* No. 23-1480 (1st Cir. June 7, 2023); Fed. R. App. P. 4(a)(2).

II.    LEGAL STANDARDS

"'While a notice of appeal ordinarily divests a district court of jurisdiction and confers it on the court of appeal . . . . district courts retain jurisdiction to issue orders regarding bonds . . .

.'"  *Robinson v. Nat'l Student Clearinghouse,* Civil Action No. 19-10749-FDS, 2021 WL 11553409, at *1 (D. Mass. May 17, 2021) (alterations in original) (quoting *Secs. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.,* 628 F. Supp. 1438, 1444 (D.D.C. 1986)).  Federal Rule of Appellate Procedure 7 provides that the district court in a civil case "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  The need for a bond and the amount of the bond are left to the district court's discretion.  *See Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.,* 193 F.R.D. 26, 43 (D.P.R. 2000), *aff'd,* 295 F.3d 108 (1st Cir. 2002).  "In deciding a motion pursuant to Rule 7, 'courts typically consider a variety of factors, including (1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct.'"  *Robinson,* 2021 WL 11553409, at *1 (quoting *Baker v. Urban Outfitters, Inc.*, No. 01 CV 5440 LAP., 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006)).

III.   ANALYSIS

Defendants seek an appeal bond of $53,187.50 as security for payment of the attorney's fees and costs they will allegedly incur to defend against Plaintiff's appeal.  In addition, Defendants ask the court to require Plaintiff to continue making monthly payments of $1,800 for its use and occupancy of the Westfield property while the appeal is pending (Dkt. No. 69).  Plaintiff opposes the motion on the grounds that: Defendants' motion is contrary to the parties' stipulation concerning entry of judgment; the court lacks authority to order an appeal bond because the litigation does not involve a statute with a fee-shifting provision; and the appeal is not frivolous (Dkt. No. 72).  Only the final contention has merit.

3

Plaintiff argues that an appeal bond will thwart the purpose of the parties' stipulation by delaying an appeal (Dkt. No. 72 at 3, 7).  A stipulation is treated as a contract analyzed under state law contract principles.  *See HSBC Bank USA v. Branch (In re Bank of New Eng. Corp.)*, 364 F.3d 355, 363 (1st Cir. 2004); *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 121 (1st Cir. 2003).  The parties stipulated to judgments on all counts of Plaintiff's complaint and Defendants' countercomplaint so that the court could enter a final judgment and close the case (Dkt. No. 64 ¶¶ 6, 7).  Plaintiff does not claim that the parties discussed an appeal bond when negotiating the terms of the stipulation or that Defendants agreed to forego seeking an appeal bond to cover their appellate attorneys' fees and costs (Dkt. No. 72 at 3).  Defendants' request for a bond is not in violation of the stipulation (Dkt. No. 72 at 3).  *See Magliozzi v. P & T Container Serv.* Co., *Inc.,* 614 N.E.2d 690, 692 (Mass. App. Ct. 1993) (the court cannot impute contract terms that the parties omitted).

Further, the court has discretion to order an appeal bond in the absence of a statute containing a fee-shifting provision.  Courts, including a court in this district, have ordered an appeal bond where a contract between the parties required payment of attorney's fees.  The financing agreements Plaintiff signed obligated Plaintiff to pay legal fees and costs, including foreclosure costs and legal fees incurred in defending any claims brought by Plaintiff based on the parties' rights and obligations under the loan documents (*see, e.g.*, Dkt. No. 70-1 at 5 ¶ 6 (note), at 45 ¶6.8 (mortgage)).  *See Capizzi v. States Res. Corp.*, No. Civ.A.02-12319-DPW, Civ.A.10095-DPW, 2005 WL 958400, at *1 (D. Mass. Apr. 26, 2005) (plaintiffs' liability for fees was based on "the underlying mortgage documents"); *see also Am. Home Shield Corp. v. Ozur,* No. 16-cv-2400-SHL-tmp, 2017 WL 1394642, at *1, *3 (W.D. Tenn. Jan. 17, 2017); *Valentini v. Citigroup, Inc.,* No. 11 Civ. 1355(JMF), 2014 WL 502066, at *3 (S.D.N.Y. Feb. 7,

2014); *Swenson v. Bushman Inv. Props, Ltd.,* No. 1:10-CV-00175-EJL, 2013 WL 6491105, at *4 n.4 (D. Idaho Dec. 9, 2013).

Looking to the four-factor test in *Robinson*, the first factor weighs somewhat in Defendants' favor because, although Plaintiff's inability to make payments on the LendingHome loans implies a lack of financial resources, Plaintiff has not shown that it is financially unable to post a bond in a reasonable amount. *See Valentini,* 2014 WL 502066, at *1 ("presuming that objectors possessed the ability to post a bond where they had not 'presented any evidence demonstrating that they lack[ed] the financial ability to do so'") (alteration in original) (quoting *In re Initial Pub. Offering Sec. Litig.,* 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010)); *Swenson,* 2013 WL 6491105, at *2.

The second factor also weighs somewhat in Defendants' favor.  Where Plaintiff defaulted on two mortgages some four years ago, there is reason to believe it might not be able to pay Defendants' costs on appeal should it be obligated to do so.  *See Southbridge RE, LLC,* 2023 WL 2696496, at *2, *4.  On the other hand, in April 2023, Plaintiff and Defendants agreed that Plaintiff would pay $1,800 per month for the use and occupancy of the Westfield property until Christiana Trust recovers possession of the property (Dkt. No. 56) and Defendants do not allege that Plaintiff has missed payments.  *Cf. Baker*, 2006 WL 3635392, at *1 (finding a high risk of nonpayment where appellants had not complied with previous court orders to pay costs).

The third and fourth factors weigh somewhat in Plaintiff's favor.  "An appeal is frivolous if the result is obvious or the arguments are 'wholly without merit.'"  *AngioDynamics, Inc. v. Biolitec AG*, 880 F.3d 600, 601 (1st Cir. 2018) (quoting *Cronin v. Town of Amesbury*, 81 F.3d 257, 261 (1st Cir. 1996)).  "[T]he question of whether an appeal is actually frivolous is best left to the appellate court itself, which has 'the benefit of a fully developed appellate record.'"  *In re*

*Polyurethane Foam Antitrust Litig.,* 178 F. Supp. 3d 635, 640 (N.D. Ohio 2016) (citing *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007) (citing Fed. R. App. P. 38)). Neither party directed the court to any Massachusetts authority directly on point in their cross-motions for summary judgment and, given that this area of law is complex, it would be presumptuous for this court to characterize the appeal as frivolous.  As to the fourth factor, Plaintiff has not acted in bad faith or engaged in vexatious conduct in this court or in filing an appeal.  *See Robinson,* 2021 WL 11553409, at *1; *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.,* No. 04-CV-74891-DT, 2008 WL 2415340, at *2 (E.D. Mich. June 12, 2008).

"The core purpose of the bond requirement of Rule 7 is to 'ensure payment of costs on appeal' in a civil case." *Capizzi*, 2005 WL 958400, at *1.  The court, in addition, is mindful of the First Circuit's warning against the imposition of a bond that "could effectively immunize [the trial court's] decision from review . . . ." *Hill v. State St. Corp.*, 794 F.3d 227, 230 (1st Cir. 2015) (citing *Azizian*, 499 F.3d at 951).  The $53,187.50 Defendants have requested as a bond (Dkt. No. 71 at ¶ 8), is excessive because this case lacks the procedural complexity of the matter on which Defendants rely to justify this amount.  "[A]t the appellate level, the briefing will be streamlined and there will be no discovery." *Miller v. 4Internet,* LLC, Case No. 2:18-cv-02097-JAD-VCF, 2022 WL 17823560, at *6 (D. Nev. Dec. 20, 2022).  Further, the amount requested risks immunizing the court's decision from review.

The court is not aware of any authority for treating Plaintiff's agreement to a monthly payment for use and occupancy of the Westfield property as a cost on appeal, and Defendants have not pointed to any.  Nor have Defendants suggested any other source of authority for their

request that the court order that Plaintiff continue making such payments during the pendency of the appeal.  This aspect of Defendants' motion is denied.

Taking all of the foregoing considerations into account, an appeal bond of $5,000 is reasonable.

IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for an appeal bond is granted in part. Plaintiff is ordered to post an appeal bond in the amount of $5,000.  The request for an order requiring Plaintiff to make monthly use and occupancy payments of $1,800 during the pendency of the appeal is denied.

It is so ordered.

Dated:  August 18, 2023                         /s/ Katherine A. Robertson
                                                KATHERINE A. ROBERTSON
                                                United States Magistrate Judge